UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES RUSSELL JOHNSON,
    Plaintiff,

v.                                    Case No.: 5:24cv50/TKW/ZCB

OFFICER YOUNG,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (Doc. 1). On June 21, 2024, the Court directed Plaintiff to provide one copy of the complaint to facilitate service of process upon Defendant. (Doc. 10).[1] The Court set a deadline of July 22, 2024 for Plaintiff to comply with the order and notified him that his failure to comply by the deadline would result in a recommendation of dismissal. (*Id.*). The order was served upon Plaintiff at this record address. (*Id.*). It was later returned with a notation, "Not here." (Doc. 12). The Court made another attempt to communicate with Plaintiff by issuing an order directing him to show cause why this case should not be dismissed. (Doc. 13). That order was also returned with the same notation, "Not here." (Doc. 14).

---

[1] Plaintiff is proceeding *in forma pauperis* (Doc. 6), so the Court must serve process on Plaintiff's behalf. 28 U.S.C. § 1915(d).

1

As of today's date, Plaintiff has not updated his address or otherwise communicated with the Court. Because the Court has no means of communicating with Plaintiff, this case is at a standstill. Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance and his failure to keep the Court apprised of his current address. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *adopted by*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**[2] for Plaintiff's failure to comply with

---

[2] To the extent that Plaintiff's claims may be barred by the statute of limitations as a result of this dismissal, making this dismissal effectively one "with prejudice," the Court finds that Plaintiff has engaged in willful

2

an order of the Court and failure to provide the Court with his current mailing address. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) (affirming dismissal where *pro se* litigant failed to file an amended complaint as directed by the district court).

At Pensacola, Florida, this 14th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties.

---

delay and that lesser sanctions would not suffice. *See Abreu-Velez v. Bd. of Regents*, 248 F. App'x 116, 118 (11th Cir. 2007) (vacating a dismissal without prejudice for failure to prosecute that operated as a dismissal with prejudice because the district court failed to find a clear pattern of willful delay and that lesser sanctions would not suffice). When Plaintiff initiated this case, the Clerk of Court notified him that throughout the case, he was required to advise the Clerk's Office **in writing** of any change in his mailing address by filing a Notice of Change of Address. (Doc. 3 at 2). As discussed above, Plaintiff's address changed a month ago, yet he still has not notified the Court of his new address. Plaintiff's ghosting the Court and preventing this case from going forward qualifies as willful delay. Additionally, Plaintiff's disappearance renders any lesser sanction ineffective. Under the circumstances, the Court does not believe that a sanction less than dismissal would be sufficient.

A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.